IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER MCCOMB,

Plaintiff,

-vs-

PARTNERS FEDERAL CREDIT UNION,

CASE NO.: 6:13-cv-1462-OR-31TBS

Defendant.
_____/

## COMPLAINT

The Plaintiff, JENNIFER MCCOMB, by and through the undersigned counsel, sues the Defendant, PARTNERS FEDERAL CREDIT UNION, and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5).

4. Venue is proper in this District because the Plaintiff resides in this District (Volusia County) and the Defendant transacts business in Volusia County, Florida.

1

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Volusia County, Florida.

6. Defendant is a federal credit union, bearing Charter Number 18708, with its principal place of business in Burbank, California, but at all times material hereto, was transacting business in the state of Florida, and maintained offices for the transacting of business in Florida, particularly at 13705 International Drive South, Orlando, Florida.

7. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to forty (40) times from January, 2013 through July, 2013, with such frequency as can reasonably be expected to harass, leaving automated courtesy calls requesting the recipient to return the call for further information.

8. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls").

9. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

10. In approximately January, 2013, Plaintiff began receiving autodialer calls from Defendant on her cellular telephone number, (407) 914-4058 from Defendant whom she has never done business with.

11. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (407) 914-4058, and was the called party and recipient of Defendant's autodialer calls.

12. The autodialer calls from Defendant came from telephone number (407) 345-5100.

2

13. After receiving several of these autodialer calls in January, 2013 from Defendant, Plaintiff returned the call which was an automated answering system requesting that the caller select a number from various options to press if they wanted further information, Plaintiff did not press any a number in fear of giving Defendant more information or having her cellular telephone number captured into Defendant's autodialing system thereby increasing the unsolicited calls.

14. The autodialer calls from Defendant continued until approximately August, 2013. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

15. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant to Plaintiff's cellular telephone number, attached hereto as **Exhibit "A"** is a true and correct copy of a snapshot of Defendant's autodialer call frequency for the period of January 16, 2013 through July 2, 2013, showing approximately thirty-nine (39) autodialer calls to Plaintiff's cellular telephone over that period.

16. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

17. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

18. Defendant knowingly employed methods that did not permit the cessation of or suppression of calls to the Plaintiff's cellular telephone.

19. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls.

20. Due to Defendant's constant autodialer calls Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

21. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty (20) above as if fully stated herein.

22. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

23. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone.

24. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Florida Bar # 0135534
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
MVitoria@forthepeople.com
Attorney for Plaintiff